BABCOCK v. BALL

─────────

(57 South. 581.)

No. 19,254.

BABCOCK v. BALL, Registrar.

(Jan. 20, 1912.)

*(Syllabus by Editorial Staff.)*

ELECTIONS (§ 83*) — RIGHT OF SUFFRAGE — CONSTITUTIONAL PROVISIONS.

Under Const. art. 197, § 4, providing that a person shall be entitled to register and vote if he be the bona fide owner of property assessed to him in this state at a valuation of not less than $300 on the assessment roll of the current year, or of the preceding year, if the roll for the current year shall not have been completed, a person is not entitled to register and vote who owns and pays taxes on property of the value of more than $300 which has not been assessed to him on the assessment roll; and hence, an injunction to restrain the registrar of voters from canceling his registration is properly denied.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 77–81; Dec. Dig. § 83.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Charles E. Babcock against William P. Ball, Registrar of Voters for Parish of Orleans. From a judgment dismissing plaintiff's suit, he appeals. Affirmed.

George W. Flynn, for appellant. Walter Guion, Atty. Gen., for appellee.

PROVOSTY, J. After the plaintiff had been registered as a voter for some years, and had voted at several elections, the registrar of voters, discovering that he had been so registered on the basis of the property qualification, although he had not then and never had any property assessed to him for taxation, proceeded in the manner prescribed by section 9 of Act 98 of 1908 for canceling the name of plaintiff from the books of registration, and plaintiff, after vainly attempting to justify his said registration by showing that he was the bona fide owner of property of more than $300 in value, although none was ever assessed to his name, had recourse to the present suit to enjoin the registrar from canceling his said registration. The sole question presented is whether the mere owning of property of over $300 in value, irrespective of whether assessed or not for taxation, is a sufficient qualification for registration. The answer to that question is found in the text of the Constitution. Article 197, § 4, prescribing the qualification of voters:

"He shall be entitled to register and vote if he shall, at the time he offers to register, be

the bona fide owner of property assessed to him in this state at a valuation of not less than $300 on the assessment roll of the current year in which he offers to register, or on the roll of the preceding year, if the roll of the current year shall not then have been completed and filed."

Thus it is seen that the property must not only be owned by the voter, but must also be assessed to him. Plaintiff contends that the property need not be assessed to him; that it suffices if he owns it and has paid taxes on it. The requirement of assessment being as clear and positive as that of ownership, there is no better ground for contending that the property need not be assessed to plaintiff than there would be for contending that it need not be owned by him.

The learned trial judge held that the assessment of the property was sacramental, and dismissed plaintiff's suit.

Judgment affirmed.